CENTER FOR DISABILITY ACCESS
Chris Carson, Esq., SBN 280048
Raymond Ballister, Jr., Esq., SBN 111282
Phyl Grace, Esq., SBN 171771
Dennis Price, SBN 279082
Mail: PO Box 262490
San Diego, CA 92196-2490
Delivery: 9845 Erma Road, Suite 300
San Diego, CA 92131
(858) 375-7385; (888) 422-5191 fax
phylg@potterhandy.com

Attorneys for Plaintiff


Gregory Rubel (SBN 177243)
LAW OFFICES OF GREGORY RUBEL
6345 Balboa Boulevard Suite 247
Encino, California 91316-1580
tel.: (818) 995-0006
fax: (818) 501-4738
gregrubel@gmail.com

Attorneys for Defendants

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **Shirley Lindsay**, | Case No. 2:18-cv-05136-GW-MRW |
| Plaintiff, | |
| v. | **Joint Report (Rule 26) for Scheduling Conference** |
| **Grupo Glemka Commercial, LLC**, a California Limited Liability Company; **Bedder Corp**, a California Corporation; and Does 1-10, | Date: December 6, 2018<br>Time: 8:30 a. m. |
| Defendants. | Honorable Judge George H. Wu |

Pursuant to Rule 26 of the Federal Rules of Civil Procedure and the Order Setting Status Conference filed October 24, 2018, the parties hereby submit the following Joint Report.

1

## I.  Brief Factual Summary of the Case and Claims Being Asserted

<u>Plaintiff</u>: Shirley Lindsay suffers from arthritis (osteoarthritis of multiple joints; spinal stenosis of the lumbar spine; and essential hypertension) of her hands, knees, and hips. She uses both a cane and wheelchair for mobility. Defendant Grupo Glemka Commercial, LLC owns the real property located at or about 12680 Foothill Blvd., Sylmar, California. Defendant Bedder Corp owns the Bedder Mattress located at or about 12680 Foothill Blvd., Sylmar, California.

There were no van-accessible parking spaces in the parking lot where Bedder Mattress is located. The only parking space designed and reserved for persons with disabilities in the parking lot where Bedder Mattress is located is a standard stall that measures 96 inches in width. The access aisle is 60 inches in width. This stall is not van accessible. Additionally, the standard handicap parking space did not have the required "NO PARKING" lettering in the access aisle. Plaintiff alleges that there used to be a van-accessible parking space in the parking lot where Bedder Mattress is located. Unfortunately, the parking space has been allowed to fade or get paved over. Additionally, and even though the plaintiff did not confront the barrier, due to the configuration of the merchandise at Bedder Mattress, the paths of travel were less than 36 inches in width. In fact, the narrowest pathway is 14 inches wide.

The defendant's failure to provide for van-accessible parking space and accessible path of travel at the Bedder Mattress is a violation of the ADA and is discriminatory against the plaintiff. Defendant violates plaintiff's rights under the American with Disabilities Act and the Unruh Civil Rights Act, and therefore, she seeks injunctive relief and statutory minimum damage award.

<u>Defendants</u>:  The Defendant, Grupo Glemka Commerical, LLC, is the owner of the subject property, while the Defendant, Bedder Corp, is its tenant.

On or about August 7, 2018, a CASp inspection was performed by Jeff Becker (CASp #468) of USA-ADA and his findings were conveyed immediately thereafter to the Defendant, Grupo Glemka Commerical, LLC.

On or about August 10, 2018, three days later, the Plaintiff's Summons and Complaint were both personally served on the Defendant, Grupo Glemka Commercial, LLC.

All barriers, deficiencies, etc., complained about in the Plaintiff's Complaint have been addressed and repaired by the Defendants in a timely, professional manner.

**II.  Complexity**

This case is not complex. There is no need for reference to the procedures set forth in the Manual on Complex Litigation.

**III.  Motions Schedule**

<u>Plaintiff</u>: anticipates filing a motion for partial summary judgment on the issue of duty and liability under the American with Disabilities Act. This will occur after the necessary depositions are taken in this case. Plaintiff also intends to conduct an expert led site inspection to identify each barrier that would affect her type of disability and, then, amend the complaint to ensure that the ADA claim reflects her intention to have all unlawful barrier removed or remediated. This is the two-step process permitted and required by *Doran v. 7-Eleven Inc.*, (9th Cir. 2008) 524 F.3d 1034 and *Chapman v. Pier 1 Imports (US) Inc.*, 631 F.3d 939 (9th Cir. 2011).

<u>Defendants</u>:  do not anticipate filing any motions at this time.

//

### IV. Settlement

The parties believe that settlement is likely in this case. The parties believe that L.R. 16-15.4, Settlement Procedure Number 2—settlement proceedings before an attorney selected from the Attorney Settlement Officer Panel—should be utilized in this case.

### V. Trial Estimate

<u>Plaintiff</u>: anticipates a 2-3 day trial. Plaintiff proposes that the Final Pretrial Conference be set for December 23, 2019 and the Trial date be set for January 7, 2020.

<u>Defendants</u>: concur with the Plaintiff's trial estimate and proposed dates.

### VI. Additional Parties

<u>Plaintiff</u>: does not anticipate joining any additional parties.

<u>Defendants</u>: do not anticipate joining any additional parties.

### VII. Expert Witnesses

The parties do not propose any changes to the timing requirements found under Rule 26(a)(2)(D)&(E) of the Federal Rules of Civil Procedure for the disclosure of expert witnesses.

**RULE 26 DISCOVERY PLAN**

**A. Initial Disclosures**

The Parties do not seek any changes to the timing, form or requirements for initial disclosures. The parties consent to exchange Initial Disclosures via email by December 20, 2018.

**B.     Discovery**

<u>Plaintiff</u>: will seek discovery related to: (1) ownership and operation of the business; (2) lack of van-accessible parking space and accessible path of travel at the Bedder Mattress; (3) changes or modifications to the property; (4) the feasibility of providing access to persons with disabilities. The plaintiff intends to propound a set of Interrogatories, Requests for Admission and Requests for Production of Documents; to take the deposition of the Defendants and to conduct an expert site inspection.

<u>Defendants</u>: will seek discovery related to the Plaintiff's physical disabilities and damages. The Defendants intend to propound Interrogatories, Requests for Admissions, and to take the Plaintiff's, as well as her Son's, oral depositions.

The parties do not propose to conduct discovery in phases. The parties consent to receive by e-mail all discovery responses that are capable to be received via electronic means. The parties propose a discovery cutoff date of October 14, 2019.

**C.     Electronic Discovery**

<u>Plaintiff</u>: hereby requests that, as part of initial disclosures, Defendant produce all surveillance audio and video footage recorded at Defendants' facility; and which is in its possession or under its control. Defendant has an ongoing duty to preserve these video tapes and can no longer destroy or copy over such videotape footage.

<u>Defendants</u>:  intend to comply with the Plaintiff's request.

**D.     Privilege Issues**

The parties do not see any issues regarding privilege in this case.

**E.  Changes to Discovery Rules**

Plaintiff: Plaintiff requests that rule FRCP 33(a)(1) limits be increased to 45 for all parties. Plaintiff otherwise requests no deviation from the Federal and Local Rules.

Defendants: Defendants concur with the Plaintiff's requests to changes to discovery rules.

**F.  Other Orders**

The parties do not propose that the Court issue any other orders under Rules 16(b), 16(c) or 26(c) of the Federal Rules of Civil Procedure.  The parties propose the following case management dates:

| Matter | Date |
| --- | --- |
| Last day to Amend Pleadings or Add Parties | 7/15/2019 |
| Initial Expert Disclosure | 9/2/2019 |
| Rebuttal Expert Disclosure | 9/30/2019 |
| Discovery Cut Off Date (including experts) | 10/14/2019 |
| Last day to conduct settlement conference | 10/28/2019 |
| Pretrial Conference | 12/23/2019 |
| Trial | 1/7/2020 |

Dated: November 15, 2018    CENTER FOR DISABILITY ACCESS


By: _/s/Dennis Price_
Dennis Price
Attorney for Plaintiff


Dated: November 14, 2018    LAW OFFICES OF GREGORY RUBEL


By: _/s/Gregory Rubel_
Gregory Rubel
Attorney for Defendants

**SIGNATURE ATTESTATION**

Pursuant to Civil L.R 5-4.3.4(a)(2)(i), I hereby attest that all other signatories listed, and on whose behalf the filing is submitted, concur in this document's content and have authorized the filing of this document with the use of their electronic signature.

Dated: November 15, 2018          CENTER FOR DISABILITY ACCESS

                                  By: */s/Dennis Price*
                                  Dennis Price
                                  Attorney for Plaintiff

# EXHIBIT A

# PROPOSED SCHEDULE OF PRETRIAL & TRIAL DATES

| Matter | Weeks Before Trial | Parties Request |
|---|---|---|
| Last Day for Hearing on Motion to Add Parties and Amend Pleadings **(Monday at 10:00 a.m.)** | 25 | 7/15/2019 |
| Non-Expert Discovery Cut-Off | 15 | 9/23/2019 |
| Expert Discovery Cut-Off | 12 | 10/14/2019 |
| Last Day to Conduct Settlement Proceedings | 10 | 10/28/2019 |
| Last Day for Law and Motion Hearings | 8 | 11/11/2019 |
| Final Pretrial Conference **(Monday at 1:30 p.m.)** | 2 | 12/23/2019 |
| Last Day for Filing Proposed Findings of Facts and Conclusions of Law (if court trial) | 1 | 12/30/2019 |
| Exhibit Conference **(Friday at 3:00 p.m.)** | Friday before Trial | 1/3/2020 |
| Trial **(Tuesday at 9:00 a.m.)** | | 1/7/2020 |

9

Joint Report of Counsel                                              2:18-cv-05136-GW-MRW