UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 18-5136 MRW | Date | July 19, 2019 |
|---|---|---|---|
| Title | Lindsay v. Grupo Glemka | | |

| Present: | Hon. Michael R. Wilner, U.S. Magistrate Judge | |
|---|---|---|
| | Veronica Piper | n/a |
| | Deputy Clerk | Court Reporter / Recorder |
| | Attorneys for Plaintiff: | Attorneys for Defendant: |
| | n/a | n/a |

**Proceedings:** ORDER RE: FEES IN ADA CASE

1. This is a disability rights case. The parties settled the liability and damages components of the action at a settlement conference with Judge Wilner in March 2019. (Docket # 31.) The parties further agreed to: (i) consent to the transfer of the remainder of the action to Judge Wilner; and (ii) resolve the issue of fees and costs by motion practice.

\* \* \*

2. The law governing such a motion is relatively straightforward. The ADA (42 U.S.C. § 12205) and the parallel state provisions[1] authorize the assessment of "a reasonable attorney's fee, including litigation expenses and costs" for a prevailing party. A "reasonable fee" is one that is "sufficient to induce a capable attorney to undertake the representation" of a disability rights action. Perdue v. Kenny A., 559 U.S. 542, 552 (2010). A district court must "compensate counsel at the prevailing rate in the community for similar work; no more, no less." Moreno v. City of Sacramento, 534 F.3d 1106, 1111 (9th Cir. 2008).

3. The Ninth Circuit expressly endorses the "lodestar" method of fee calculation in ADA actions. Vogel v. Harbor Plaza Center, 893 F.3d 1152, 1158 (9th Cir. 2018). This requires a district court to calculate "the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." Hensley v. Eckerhart, 461 U.S. 424, 433 (1983). The court "has discretion in determining a reasonable fee," but "must exercise that discretion consistently with the[se] principles."

---

[1] Plaintiff does not contend that the principles of fee recovery under California law are materially different. (Docket # 36-1 at 15.) For clarity, the Court takes up the fee request by applying federal law.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 18-5136 MRW | Date | July 19, 2019 |
|---|---|---|---|
| Title | Lindsay v. Grupo Glemka | | |

Vogel, 893 F.3d at 1158.  If the court "believes the overall award is too high, it needs to say so and explain why."  Moreno, 534 F.3d at 1113.

    4.    The defense also has a responsibility in what the Circuit calls the "tedious business" of reviewing fee applications.  Id. at 1116.  A party opposing a fee application has "the burden of producing a sufficiently cogent explanation" of "excessive or duplicative billing practices."  Id.  "Vague" or unsupported objections to bill entries may be "unpersuasive" in demonstrating that a claim is unnecessary, excessive, or unreasonable.  Schutza v. City of San Diego, 756 F. App'x 768, 769-70 (9th Cir. 2019).  Nevertheless, the court always has "a duty to ensure that claims for attorneys' fees are reasonable."  Vogel, 893 F.3d at 1160 (quotation and emphasis omitted).

\* \* \*

    5.    With these principles in mind, the Court closely reviewed the fee request that Plaintiff's attorneys submitted.  The law firm – a frequent and prominent litigant in our Court – seeks fees of nearly $23,000 for over 45 hours of billed legal time.  The bills reflect a range of attorney rates from $400 to $595 per hour.  Plaintiff also seeks recovery of costs (filing fees, expert work, investigator) of approximately $2,700.  The application is supported by a declaration from the firm's founding partner, detailed billing statements, and orders from other federal courts regarding the reasonableness of previous bills and rates from the Potter Handy firm.  (Docket # 36-3, 36-4.)

    6.    The Court also independently reviewed the docket in this action.  It reveals considerably more legal activity than the typical ADA access case.  The action has been active for over a year before its transfer to Judge Wilner.  Following service of process, Plaintiff initiated default proceedings against the defense.  (Docket # 10-12.)  The district judge conducted two scheduling conferences in the action.  (Docket # 20-22.)  Plaintiff amended the complaint after litigation resumed.  (Docket # 24.)  The parties then prepared for and attended a (successful!) settlement conference on relatively short notice.  (Docket # 28-31.)  The case settled for a high-end civil penalty in Plaintiff's favor.

    7.    **Billing rates** – The Court summarily accepts the stated rates of the lawyers at the Potter Handy firm.  The rates are supported by a sworn declaration attesting to the background, education, and experience of the lawyers.  The hourly rates

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 18-5136 MRW | Date | July 19, 2019 |
|---|---|---|---|
| Title | Lindsay v. Grupo Glemka | | |

ain't cheap, but they're comparable to other big-city, plaintiff's-side, contingency-compensation lawyers that this Court regularly sees in ADA, Section 1983, and Song-Beverly Act (state auto lemon law) cases. Any inconsistency in the requested rates (e.g., the Potter, Handy, and Grace rates in the Love case in the Northern District earlier this year were considerably higher than in this case (Docket # 36-10)) works to the advantage of the defense.

        8.     The defense's response – hey, they're "a mill." (Docket # 37 at 6.) Defendants argue that, because Potter Handy files so many ADA cases, they perform "glorified collection work" that should be billed at only $200 per hour. Ouch!

        9.     And not really persuasive. The rate that the lawyers charge reflects the specialization of the firm and the very real risk that the lawyers will not be compensated at all in these contingency cases. Congress enacted the ADA to incentivize attorneys to take these cases and get paid for their time. Perdue. The Court is well aware of the number of defaults and uncollected / uncollectable judgments that the Potter Handy firm racks up in our district. The rates charged here – whether Ms. Lindsay ever saw the bill or not (Docket # 37 at 3) – are appropriate to encourage lawyers to pursue this type of case. Perdue, 559 U.S. at 552; Moreno, 534 F.3d at 1111. Mr. Rubel's speculative "collection rate" argument is patently insufficient to warrant a different calculation.

        10.     ***Hours billed*** – Here's where (as Judge Kozinski called it in Moreno) there's a bit of a "haircut." The defense utterly failed to carry its legal burden of "producing a sufficiently cogent explanation" as to why the number of hours charged was excessive. Name-calling doesn't count; neither does asserting one's "position" (without evidence) that Potter Handy allegedly didn't perform the listed work. (Docket # 37 at 6-8.)

        11.     But I can poke at some of the unreasonable billing myself. A close review of the billing statement (Docket # 36-4) shows some dubious charges that, eventually, add up. I have real difficulty in believing that it took Ms. Carson 66 minutes to read the standard case-commencing documents and orders, or to have a secretary mail them to the client. (6/8-16/19 billing entries). Those charges are rejected. Similarly, I doubt that it took Ms. Grace 90 minutes across two days (10/9 and 10/29/18) to review the CASp reports that she likely sees every day of her professional life. A more reasonable estimate is 30 minutes; one hour deducted.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 18-5136 MRW | Date | July 19, 2019 |
|---|---|---|---|
| Title | Lindsay v. Grupo Glemka | | |

    12.    More from my deep dive. It's not clear why it took Mr. Seabock <u>longer</u> to revise the complaint and supporting documents than for the original drafting (1/28/19). 72 minutes of time is reduced to 30. And the "estimated" 8 hours for the six-page reply brief (Docket # 39) and travel for argument on the fee motion are out. The Court is ruling on the fee issue <u>without</u> a hearing. If it took 2 hours to draft the original motion (picture the judge scowling a bit at that one), then it certainly took far less to read the defense papers and fire off the reply. 1 hour total compensation for the review and reply (picture him scowling again).

    13.    By my math, that's a discount of $5,525 at the stated rates of the named lawyers. But note that there's no change to the remainder of the bill. The firm was entitled to charge for the multiple court appearances, the travel to and from the settlement, and the rest of the fairly extensive litigation tasks. As reduced above and for those stated reasons, the Court concludes that **$17,448** represents a reasonable amount of attorneys' fees in this action.

    14.    **Costs** – The Court grants the cost bill (**$2,677.99**) in full. The defense does not dispute that Plaintiff paid the filing fee in this case. The extent of the defense's objection is, well, the supposition that the other costs weren't really incurred. (Docket # 37 at 8.) That doesn't cut it. <u>Schutza</u>, 756 F. App'x at 769-70. Mr. Potter signed a sworn declaration attesting to the costs. Additionally, Ms. Kent (the site inspector) provided a fairly clear invoice for the services provided in visiting the store and writing up the report. (Docket # 36-9.)

    15.    Yes, the Court could demand a cancelled check, proof of financial independence from the law firm (both suggested in Defendants' brief), or a video of the investigator and inspector toiling away (that's my idea) to verify the bills. But the evidence received is itself sufficient to demonstrate that the costs were reasonably incurred. 42 U.S.C. § 12205. The defense hasn't proved otherwise.[2]

---

[2] The bulk of the defense's challenge to the fee application deals not with the substance of the application, but its filing date. (Docket # 37 at 1-3.) Defendants correctly observe that Plaintiff filed the motion several days after the deadline that the Court set. (Docket # 35, 36.) But neither the defense nor the Court was prejudiced by this minor infraction. The Court also notes the explanation offered in Plaintiff's reply submission. (Docket # 39-1.) While no judge countenances an unexcused late filing, that's not an equitable basis for denying fees entirely, as the defense requests.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 18-5136 MRW | Date | July 19, 2019 |
|---|---|---|---|
| Title | Lindsay v. Grupo Glemka | | |

\* \* \*

16.    Defendants are ordered to pay the total sum of **$20,125.99** to Plaintiff's attorneys as fees and costs. Plaintiff will submit a proposed judgment for the Court to enter. Payment in full will be required within 60 days from the entry of that judgment.